[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 07-10241
Non-Argument Calendar

———————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00170-CV-1

NICKOLAS FELDER,

                                                Plaintiff-Appellant,

versus

TONY HOWERTON, Warden,
DENNIS BROWN, Deputy Warden, et al.,

                                                Defendants-Appellees.

———————

Appeal from the United States District Court
for the Southern District of Georgia

———————

(May 11, 2007)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

At the time he filed this lawsuit, appellant Nickolas Felder ("Felder") was a prisoner at Augusta State Medical Prison in August, Georgia. Felder brought this action under 42 U.S.C. § 1983 alleging that defendants Riles, Taylor, and Woodson, used excessive force on him. Felder also claimed that defendants Brown and Howerton were aware that other inmates of the prison were being beaten and/or tortured by security staff and yet they failed to take any corrective action. Felder's complaint also contained a torture claim under 18 U.S.C. § 2340, *et seq.,* and state law claims under the Georgia Tort Claims Act. See O.C.G.A. § 50-21-25(a).

We review a district court's grant of summary judgment *de novo*. *U.S. Anchor Mfg., Inc. v. Rule Industries, Inc.*, 7 F.3d 986, 993 (11th Cir. 1993).

After reviewing the record and reading the parties' briefs, we conclude that the district court properly granted the defendants' motion for summary judgment on Felder's Eighth Amendment excessive force claims and his Fourteenth Amendment due process claims. The record demonstrates that Felder suffered at most a superficial three millimeter abrasion on his chest. The record also demonstrates that Felder initiated the incident in question by attacking Officer Riles. Feeling threatened, Officer Riles responded by pushing Felder down and holding him down until help arrived. Felder received no marks on his neck and no

2

bruises. Other than the self-serving testimony offered by Felder, there was no other evidence that Officers Taylor and Woodson used any force against him. Indeed, the medical evidence demonstrated that Felder suffered no fractures and indicated that his superficial abrasion was suffered in a basketball game five days prior to the incident in question.

We also agree with the district court's conclusion that Warden Howerton and Deputy Warden Brown were entitled to summary judgment because they were not present during the incident. As the district court correctly found, it is well-settled law that § 1983 does not provide for vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Denno v. Sch. Bd. of Volusia County*, 218 F.3d 1267, 1276 (11th Cir. 2000). Because Felder failed to establish that a constitutional violation occurred, it was not necessary for the district court to determine if there was a policy, custom or practice causing such deprivation. *See Graham v. Conner*, 490 U.S. 386, 394 (1989). We also agree with the district court that Felder's claim for a violation of 18 U.S.C. § 2340, *et seq.*, fails as a matter of law. Because the district court determined that there was no excessive force, there can be no torture as defined by § 2340.

Finally, we agree that the district court properly dismissed Felder's state law claims.

For the above-stated reasons, and because we find no merit to any of the arguments Felder makes in this appeal, we affirm the district court's grant of summary judgment.

**AFFIRMED.**